David L. Mazaroli (DM-3929)
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |
|---|---|
| | : ECF CASE |
| INDEMNITY INSURANCE CO. OF NORTH AMERICA; SMITHKLINE BEECHAM CORP. d/b/a GLAXOSMITHKLINE, | : |
| | 08 Civ. 5049 (LTS) |
| | : |
| Plaintiffs, | **COMPLAINT** |
| | : |
| - against - | : |
| FEDEX SUPPLY CHAIN SERVICES, INC.; SWIFT TRANSPORTATION CO. INC. | : |
| | : |
| Defendants. | : |

-------------------------------------------------------------x

Plaintiffs, through their undersigned attorney, allege as follows for their complaint against defendants:

1. Plaintiff Indemnity Insurance Company of North America ("IINA") is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania. Plaintiff maintains an office at 140 Broadway, New York, New York, and sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of SmithKline Beecham Corp.

2. SmithKline Beecham Corp., doing business as GlaxoSmithKline ("GSK") is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania and sues herein as and for the shipper, owner and intended

consignee of the shipment in suit.  GSK seeks recovery of its losses which exceeded the insurance claim payment by IINA.

3.    Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states other than Pennsylvania.

4.    Defendant FedEx Supply Chain Services, Inc. ("FedEx") is believed to be a corporation organized under the laws of the State of Ohio with its principal place of business in Hudson, Ohio.

5.    Defendant Swift Transportation Co. Inc. ("Swift") is believed to be a corporation organized under the laws of, and with its principal place of business in, the State of Arizona.

6.    This Court has jurisdiction over the subject matter to this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and federal statues and federal common law related thereto.

7.    Concurrently there is diversity, pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

8.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

9.    Upon information and belief defendants at all material times conducted business within the State of New York as common carriers of cargo for hire, including the pick up, carriage and delivery of cargo, and the provision of services related thereto, and are subject to the *in personam* jurisdiction of this Court.

10.    This action involves nondelivery and loss of a shipment of various pharmaceutical products  (hereinafter also referred to as "the shipment") which moved or was intended to move by truck from Knoxville, Tennessee, to Sacramento, California, as described more fully in bill of lading 20047594 dated on or about November 9, 2007, and others. (Swift Pro. No.:  X753702; Invoice No.: 20901240; PO No. 008409584; FedEx Booking No.  151227267; FedEx Claim No.: 2704, Trailer 63535)

11.    According to Swift the loss of the shipment occurred while the shipment was in its custody on November 9, 2007 at or near Hurricane Mill, Tennessee.

12.    Said nondelivery and loss was the result of  (a) defendants' reckless failure to properly carry and care for the cargo in suit; (b) their fundamental breaches and material deviations from the   terms of the governing carriage contract; and (c) their breaches of fiduciary duties owed to the owners of the cargo.

13.    The loss of the shipment was not caused by the inherent nature of the goods shipped.

14.    The loss of the shipment was not caused by events which would constitute an "Act of God" defense or exception to liability.

15.    The loss of the shipment was not caused by events which would constitute an "Act of Public Enemy" defense or exception to liability.

16.    The loss of the shipment was not caused by events which would constitute an "Act of Public Authority" defense or exception to liability.

17.    The loss of the shipment was not caused by the fault of any shipper or owner of the goods shipped.

18.    By reason of the aforesaid, plaintiffs, and those on whose behalf they sue, have sustained damages in the amount of $5,644,510.00, no part of which has been paid although duly demanded, and for which defendants are jointly and severally liable without limitation of any kind.

19.    Plaintiffs sue herein on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

20.    Plaintiffs, and those on whose behalf they sue, have performed all conditions precedent required of it under the premises.

**SECOND CAUSE OF ACTION**

21.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20 of this complaint.

22.    On or about November 9, 2007 the shipment was delivered in good order and condition into the custody and control of defendants for purposes of carriage to the agreed destination.

23.    Defendants' failed to deliver the shipment at the agreed destination and no subsequent delivery of any kind has been tendered by defendants.

24.    As a result of the aforesaid, defendants are jointly and severally liable to plaintiffs as common carriers, forwarders, brokers, and/or bailees for hire.

**THIRD CAUSE OF ACTION**

25.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 5, and 7 through 20 of this complaint.

26.    Defendants converted the shipment to their own usage.

## FOURTH CAUSE OF ACTION

27.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 5, and 7 through 20 of this complaint.

28.    The loss of the shipment in suit was caused in whole or in part by the negligence of defendants, including but not limited to the breach of their duties to properly attend to, care for, store, guard, secure, monitor carry and protect the cargo during all periods of custody.

29.    Said breaches of duties by defendants proximately caused the shipment to be lost and/or stolen as hereinabove set forth.

WHEREFORE, plaintiffs demand judgment against defendants jointly and severally:

       a)      for the sum of $5,644,510.00;

       b)      for prejudgment interest at the rate of  9% per annum;

       c)      for the costs  of this action;

       d)      for such other and further relief as warranted by justice.

Dated: New York, New York
       June 2, 2008

                      LAW OFFICES,
                      DAVID L. MAZAROLI

                      *s/David L. Mazaroli*

                      _____
                      David L. Mazaroli (DM 3929)
                      Attorney for Plaintiffs
                      11 Park Place - Suite 1214
                      New York, New York 10007
                      Tel: (212)267-8480
                      Fax: (212)732-7352
                      E-mail: dlm@mazarolilaw.com
                      File No.: 7G-1619