Gregory S. Katz (GK 6584)
Wendy J. Lindstrom (WL 2940)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
*Attorneys for Defendant, Swift Transportation Co. Inc.*
150 East 42nd Street
New York, New York 10017
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

INDEMNITY INSURANCE CO. OF NORTH                    08 CV 5049 (LTS)
AMERICA; SMITHKLINE BEECHAM CORP.
d/b/a GLAXOSMITHKLINE,

                            Plaintiffs,                    **ANSWER WITH**
                                        **CROSS CLAIM**

      -against-

FEDEX SUPPLY CHAIN SERVICES, INC.;
SWIFT TRANSPORTATION CO. INC.,
                            Defendants.
----------------------------------------------------------------x

        Defendant, Swift Transportation Co. Inc., (hereinafter "Swift"), by and through its

attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Answer to

Plaintiffs, Indemnity Insurance Co. of North America and SmithKline Beecham Corp. d/b/a

GlaxoSmithKline's Complaint (hereinafter collectively referred to as "GSK") states the

following upon information and belief.

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "1" of the Plaintiffs' Complaint.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of the Plaintiffs' Complaint.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Plaintiffs' Complaint, except admits that it is a

corporation organized under the laws of the state of Arizona and maintains its principle place of business in that state.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Plaintiffs' Complaint.

5.    Admits that it is a corporation organized under the laws of the state of Arizona and maintains its principle place of business in that state.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Plaintiffs' Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Plaintiffs' Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Plaintiffs' Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Plaintiffs' Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of Plaintiffs' Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Plaintiffs' Complaint.

12.    Denies each and every allegation against Swift contained in paragraph "12" of Plaintiffs' Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Plaintiffs' Complaint.

3279524.1

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Plaintiffs' Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Plaintiffs' Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Plaintiffs' Complaint.

17.    Denies each and every statement and allegation contained in paragraph "17" of Plaintiffs' Complaint.

18.    Denies each and every allegation against Swift contained in paragraph "18" of Plaintiffs' Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Plaintiffs' Complaint.

20.    Denies each and every allegation against Swift contained in paragraph "20" of Plaintiffs' Complaint.

## AS AND FOR DEFENDANT SWIFT'S RESPONSE
## TO PLAINTIFFS' SECOND CAUSE OF ACTION

21.    Swift repeats and realleges each and every denial and denial of knowledge or information contained in paragraphs 1-20 of this Answer as if fully set forth herein at length.

22.    Denies each and every allegation against Swift contained in paragraph "22" of Plaintiffs' Complaint.

23.    Denies each and every allegation against Swift contained in paragraph "23" of Plaintiffs' Complaint.

24.    Denies each and every allegation against Swift contained in paragraph "24" of Plaintiffs' Complaint.

3279524.1

## AS AND FOR DEFENDANT SWIFT'S RESPONSE
## TO PLAINTIFFS' THIRD CAUSE OF ACTION

25.    Swift repeats and realleges each and every denial and denial of knowledge or information contained in paragraphs 1-24 of this Answer as if fully set forth herein at length.

26.    Denies each and every allegation against Swift contained in paragraph "26" of Plaintiffs' Complaint.

## AS AND FOR DEFENDANT SWIFT'S RESPONSE
## TO PLAINTIFFS' FOURTH CAUSE OF ACTION

27.    Swift repeats and realleges each and every denial and denial of knowledge or information contained in paragraphs 1-26 of this Answer as if fully set forth herein at length.

28.    Denies each and every allegation against Swift contained in paragraph "28" of Plaintiffs' Complaint.

29.    Denies each and every allegation against Swift contained in paragraph "29" of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

30.    Swift hereby sets forth its separate and distinct defenses to Plaintiffs' Complaint. Swift sets forth the following matters to apprise the parties and the Court of certain potentially applicable defenses. By listing any matter as an affirmative defense, Defendant, Swift, does not assume the burden of proving any matter upon which the Plaintiffs bear the burden of proof under applicable law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31.    That the said shipment as described in Plaintiffs' Complaint is subject to all the terms, conditions and exceptions contained in certain contracts of carriage and bills of lading, by which the shippers and consignees of said contracts and bills of lading and terms of service agree to be and are bound.

32.    Any shortage, loss and/or damage to the shipment in suit, which Swift specifically denies, was due to causes for which Swift is not liable or responsible by virtue of the provisions of the Carmack Amendment to the Interstate Commerce Act and/or applicable common law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33.    Swift's bill of lading and tariffs have the force of a federal statute and they cannot be varied under any pretext, nor can the carrier lawfully depart from them.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34.    If any loss or damage did occur to said cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of Swift but from a cause or causes from which it is expressly exempted from the responsibility by the terms and conditions of the bills of lading and /or contracts covering the carriage. Swift claims the benefit of each and every provision contained in said contracts, bills of lading and applicable tariffs, including the jurisdiction and limitation of liability provisions, and begs leave to amend this Answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35.    Upon information of belief, that the venue of this matter is improperly placed in this District pursuant to the forum selection clauses in the applicable contracts of carriage.

3279524.1

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36.    Swift's liability, if any, is limited pursuant to the terms of the contract.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37.    If the cargo was damaged, which is denied, it was not damaged while in the care, custody or control of Swift and/or its agents, employees or representatives.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38.    Any recovery to which Plaintiffs may be deemed entitled to is limited pursuant to 49 U.S.C. § 14706.

### AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

39.    In the event that liability is established, the measure of damages to which Plaintiffs are entitled to recover is strictly limited pursuant to the terms and conditions set forth in the contracts between the parties, the contract of carriage and Swift's tariff provisions in effect at the time of the subject transport, pursuant to 49 U.S.C. § 14706 of the Interstate Commerce Act.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40.    Punitive or exemplary damages are not recoverable against Swift in this cause under the Carmack Amendment to the Interstate Commerce Act or any other law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41.    Swift is not liable for any pre-existing damage to any of said goods or damage resulting from the inherent vice of the cargo.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

42.    To the extent that Plaintiffs seek recovery for special damages, answering Defendant, Swift is not responsible.

3279524.1

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43.     This suit should be dismissed, or in the alternative, transferred on the basis of *forum non conveniens* and improper venue.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44.     Plaintiffs are not entitled to the relief sought herein.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

45.     The Plaintiffs' Complaint fails to state a cause of action upon which relief should be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

46.     To the extent that Plaintiffs failed to meet the minimum filing requirement of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

47.     Swift did not itself at any time enter into any contract or other agreement with Plaintiffs herein and is, therefore, not in any respect obligated to the Plaintiffs.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

48.     Defendant, Swift, asserts the defenses of laches and waiver.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

49.     Swift, at all relevant times herein acted as agent for disclosed principals known to the Plaintiffs and, therefore, are not directly obligated in any respect to the Plaintiffs herein.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

50.     If Plaintiffs' cargo was damaged in any respect, such damage was caused, in whole or in part, by the inadequate packing, packaging and stuffing of containers by Plaintiffs or their agents.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

51.    Any loss, shortage or damage to the aforementioned shipment, which is denied, was caused by the act or omission of the shipper of the goods or its agents or representatives and accordingly Swift is not liable therefore.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

52.    The Plaintiffs' claim is barred because Plaintiffs misdescribed the cargo and intentionally failed to disclose the alleged high value of the cargo.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

53.    That Plaintiffs have failed to name necessary parties.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

54.    That Plaintiffs have failed to properly and fully mitigate the damages alleged in their Complaint.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

55.    Plaintiffs are not real parties in interest with regard to the shipment in suit.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

56.    The Complaint should be dismissed on the basis that Plaintiffs lack standing.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

57.    Plaintiffs have suffered no loss or damage upon which they are entitled to recover.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

58.    If the cargo was damaged, which is denied, it was not damaged while in the care, custody or control of Swift and/or its agents, employees or representatives.

### AS AND FOR A TWENTY-EIGTH AFFIRMATIVE DEFENSE

59.    Plaintiffs had an opportunity to avoid limitation by declaring a higher value for the cargo, but no such declaration was made.  As a result, Swift's liability is limited.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

60.    Swift is not liable for alleged loss or damage sustained while the cargo was in the care, custody and control of third parties.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

61.    Despite security measures in force and the exercise of due diligence, the loss alleged resulted from an act or acts beyond Swift's control as contemplated by the aforesaid Terms and Conditions.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

62.    Swift is not liable for alleged loss or damage to property that was neither tendered to it for transportation, nor was in Swift's care, custody or control.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

63.    Swift reserves its right to add additional affirmative defenses that may arise during the discovery process.

**WHEREFORE,** Swift prays for the following relief: ordering that the Plaintiffs take nothing by way of the Complaint or any of the claims for relief alleged therein; dismissing with prejudice Plaintiffs' Complaint; declaring that Swift has no obligation with respect to any claims or parties included in the subject matter of or arising out of the within litigation or any other claims; awarding Swift costs and attorneys' fees incurred in this action to the full extent allowed by law; and awarding Swift such other and further relief as this Court deems just and proper.

3279524.1

## AS AND FOR A FIRST CROSS-CLAIM BY THIS ANSWERING DEFENDANT, SWIFT, AGAINST CO-DEFENDANT, FEDEX SUPPLY CHAIN SERVICES, INC.

64.    If Plaintiffs were caused to sustain damages at the time and place set forth in Plaintiffs' Complaint due to any carelessness, recklessness, negligence, gross negligence, breach of contract or warranty, or other act of omission or commission, other than the Plaintiffs' own carelessness, recklessness, negligence, acts of omission or commission, and/or breach of contract or warranty, then these damages were sustained as a result of the acts of omission or commission, of the Co-Defendant, FEDEX SUPPLY CHAIN SERVICES, INC., named in this action and/or their agents, servants or employees; and if any judgment is obtained herein by the Plaintiffs against this answering Defendant, they will be damaged thereby and the Co-Defendant FEDEX SUPPLY CHAIN SERVICES, INC., is responsible therefore in whole or in part.

65.    By reason of the foregoing, Co-Defendant, FEDEX SUPPLY CHAIN SERVICES, INC., in this action will be liable to this answering Defendant, in the event Plaintiffs obtain a judgment against this answering Defendant, in the full amount of any recovery had herein by Plaintiffs, or for that proportion thereof caused by the relative responsibility and/or culpable conduct of Co-Defendant, FEDEX SUPPLY CHAIN SERVICES, INC., and the said Co-Defendant will be bound to pay this answering Defendant, any and all fees and disbursements related thereto.

## AS AND FOR A SECOND CROSS-CLAIM BY THIS ANSWERING DEFENDANT, SWIFT, AGAINST CO-DEFENDANT, FEDEX SUPPLY CHAIN SERVICES, INC.

66.    If Plaintiffs sustained any injuries and/or damages as alleged in the Complaint, which is specifically denied, then said injuries and/or damages were caused by the negligence of Co-Defendant FEDEX SUPPLY CHAIN SERVICES, INC., and/or their employees or servants,

3279524.1

including the Plaintiffs and answering Defendant is entitled to contribution and/or indemnity from Co-Defendant, FEDEX SUPPLY CHAIN SERVICES, INC.

67.    If Plaintiffs sustained any injuries and/or damages as alleged in the Complaint, which is specifically denied, then said injuries and/or damages were caused by breach of contract by Co-Defendant, FEDEX SUPPLY CHAIN SERVICES, INC., with this answering Defendant, and this answering Defendant is entitled to contribution and/or indemnity from Co-Defendant. FEDEX SUPPLY CHAIN SERVICES, INC.

**WHEREFORE**, SWIFT prays for the following relief: ordering that Plaintiffs take nothing by way of the Complaint or any of the claims for relief alleged therein; dismissing with prejudice Plaintiffs' Complaint; declaring that SWIFT has no obligation with respect to any claims or parties included in the subject matter of or arising out of the within litigation or any other claims; awarding SWIFT costs and attorneys' fees incurred in this action to the full extent allowed by law; and awarding SWIFT such other and further relief as this Court

Dated:    New York, New York
          July 8, 2008
                              Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:    *Wendy J. Lindstrom*
       Wendy J. Lindstrom (WL 2940)
       Gregory S. Katz (GK 6584)
       Attorneys for Defendant
       Swift Transportation Co., Inc.
       150 East 42nd Street
       New York, New York 10017-5639
       (212) 490-3000

TO:    David L. Mazaroli, Esq.
       *Attorney for Plaintiffs*
       11 Park Place – Suite 1214
       New York, NY  10007
       Fax:  212-732-7352

       Olivia M. Gross, Esq.
       Newman Fitch Altheim Myers, P.C.
       *Attorneys for Defendant, FedEx Supply Chain Services, Inc.*
       14 Wall Street
       New York, NY  10005-2101
       Fax: 212-619-3622

       Michael W. Higginbotham, Esq.
       *Senior Counsel, Litigation FedEx Express*
       3620 Hacks Cross Road
       Building B - 3d Floor
       Memphis, Tennessee 38125

3279524.1

## CERTIFICATE OF SERVICE

I, Wendy J. Lindstrom, hereby certify that I electronically filed the ANSWER on behalf of Defendant, Swift Transportation Co., Inc. with the Clerk of the Court by using the CM/ECF system which will send notification of such filing(s) electronically to the following:

David L. Mazaroli, Esq.
*Attorney for Plaintiffs*
11 Park Place – Suite 1214
New York, NY 10007
Fax: 212-732-7352

I hereby certify that I mailed a courtesy copy of the ANSWER to:

Olivia M. Gross, Esq.
Newman Fitch Altheim Myers, P.C.
*Attorneys for Defendant, FedEx Supply Chain Services, Inc.*
14 Wall Street
New York, NY 10005-2101
Fax: 212-619-3622

Michael W. Higginbotham, Esq.
*Senior Counsel, Litigation FedEx Express*
3620 Hacks Cross Road
Building B - 3d Floor
Memphis, Tennessee 38125

Dated:  July 8, 2008

*Wendy J. Lindstrom*
Wendy J. Lindstrom (2940)

3279524.1