Olivia M. Gross, Esq.
Newman Fitch Altheim Myers, P.C.
14 Wall Street, 22nd Floor
New York, New York 10005-2101
212-619-4350 – Telephone
212-619-3622 – Fax
e-mail: ogross@nfam.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
INDEMNITY INSURANCE CO. OF NORTH  : ECF CASE
AMERICA; SMITHKLINE BEECHAM CORP. :
d/b/a GLAXOSMITHKLINE,            : 08 Civ. 5049 (LTS)
                                  :
                       Plaintiffs,: **ANSWER AND CROSS**
                                  : **CLAIM OF FEDEX SUPPLY**
         - against -              : **CHAIN SERVICES, INC.**
                                  :
FEDEX SUPPLY CHAIN SERVICES, INC.;:
SWIFT TRANSPORTATION CO. INC.     :
                                  :
                       Defendants.:
------------------------------------------------------------X

FedEx Supply Chain Services, Inc. ("FXSCS"), for answer to the complaint of plaintiffs Indemnity Insurance Co. of North America and Smithkline Beecham Corp. d/b/a Glaxosmithkline, says as follows:

1.  FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 1 of the complaint and therefore denies the same.

2.  FXSCS denies that GSK is entitled to a recovery of its losses which exceeded the insurance claim payment by IINA. FXSCS lacks sufficient

information to admit or deny the remaining allegations contained in paragraph 2 of the complaint.

3.     FXSCS admits the allegations contained in paragraph 3 of the complaint to the extent that they pertain to FXSCS. FXSCS lacks sufficient information to admit or deny the allegations of paragraph 3 as they pertain to co-defendant Swift Transportation Co., Inc. ("Swift").

4.     FXSCS admits that it is a corporation organized under the laws of the State of Ohio. FXSCS denies the remaining allegations contained in paragraph 4 of the complaint.

5.     FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 5 of the complaint and therefore denies the same.

6.     FXSCS admits the allegations contained in paragraph 6 of the complaint.

7.     FXSCS admits the allegations contained in paragraph 7 of the complaint.

8.     FXSCS admits the allegations contained in paragraph 8 of the complaint.

9.     The allegations of paragraph 9 of the complaint are admitted to the extent that they pertain to FXSCS. FXSCS lacks sufficient information to admit or deny the remaining allegations of paragraph 9 of the complaint and therefore denies the same.

10.    FXSCS admits the existence of the shipment identified in paragraph 10 of the complaint. FXSCS lacks sufficient information to admit or deny the

remaining allegations contained in paragraph 10 of the complaint and therefore denies the same.

11.  FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 11 of the complaint and therefore denies the same.

12.  FXSCS denies the allegations contained in paragraph 12 of the complaint to the extent that they pertain to FXSCS.  FXSCS is not required to respond to the allegations of paragraph 12 of the complaint to the extent they do not pertain to FXSCS.

13.  FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 13 of the complaint and therefore denies the same.

14.  FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 14 of the complaint and therefore denies the same.

15.  FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 15 of the complaint and therefore denies the same.

16.  FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 16 of the complaint and therefore denies the same.

17.  FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the complaint and therefore denies the same.

18.  Responding to the allegations contained in paragraph 18 of the complaint, FXSCS denies that it has committed any act or omission giving rise to liability to the plaintiffs for the loss alleged in the complaint or any other loss resulting from the shipment identified in the complaint.  FXSCS lacks sufficient

information to admit or deny the remaining allegations contained in paragraph 18 and therefore denies the same.

19. FXSCS denies that the plaintiffs have any cause of action against FXSCS arising from the facts alleged in the complaint.

20. FXSCS lacks sufficient information to admit or deny the allegations contained in paragraph 20 of the complaint and therefore denies the same.

21. FXSCS repeats and restates its responses to the allegations set forth in paragraphs 1 – 20 of the complaint as if stated verbatim herein.

22. FXSCS denies the allegations contained in paragraph 22 of the complaint to the extent that they pertain to FXSCS. FXSCS lacks sufficient information to admit or deny the remaining allegations contained in paragraph 22 of the complaint and therefore denies the same.

23. FXSCS denies the allegations contained in paragraph 23 of the complaint to the extent that they pertain to FXSCS. FXSCS lacks sufficient information to admit or deny the remaining allegations contained in paragraph 23 of the complaint and therefore denies the same.

24. FXSCS denies that it is liable in any way to the plaintiffs as the result of the loss alleged in the complaint. FXSCS denies that it was a common carrier, forwarder or bailee for hire with regard to the shipment at issue. FXSCS denies joint and several liability in this action.

25. FXSCS repeats and restates its responses to the allegations set forth in paragraphs 1 – 5 and 7 – 20 of the complaint as if stated verbatim herein.

26.   FXSCS denies the allegations contained in paragraph 26 of the complaint to the extent that they pertain to FXSCS. FXSCS lacks sufficient information to admit or deny the remaining allegations contained in paragraph 26 of the complaint and therefore denies the same.

27.   FXSCS repeats and restates its responses to the allegations set forth in paragraphs 1 – 5 and 7 – 20 as if stated verbatim herein.

28.   FXSCS denies the allegations contained in paragraph 28 to the extent that they pertain to FXSCS. To the extent the allegations of paragraph 28 do not pertain to FXSCS, FXSCS lacks sufficient information to admit or deny those allegations and therefore denies the same.

29.   FXSCS denies the allegations contained in paragraph 29 to the extent that they pertain to FXSCS. To the extent the allegations of paragraph 289 do not pertain to FXSCS, FXSCS lacks sufficient information to admit or deny those allegations and therefore denies the same.

30.   Responding to plaintiffs' prayer for relief, including sub-paragraphs a – d, FXSCS denies that plaintiffs are entitled to any relief in any amount or form from FXSCS arising from the facts alleged in the complaint or the shipment of goods which is the subject of the complaint.

31.   All allegations of the complaint not already admitted, denied or otherwise explained are here and now specifically and categorically denied.

## AFFIRMATIVE DEFENSES

Now, having responded to the enumerated allegations of the complaint, FXSCS states by way of affirmative defenses, the following:

## FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a claim or cause of action upon which any relief can may be granted against FXSCS.

## SECOND AFFIRMATIVE DEFENSE

FXSCS pleads affirmatively the protections of the provisions of F.R.C.P. 8(c), to the fullest extent permitted by law.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims as alleged and purported causes of action are barred and/or are limited by their own actions, negligence, and/or omissions, and/or the actions, negligence, and/or omissions by and of third-parties over whom FXSCS has and/or had no control.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims as alleged and purported causes of action are barred and/or are limited by the breaches of contract by and of third-parties over whom FXSCS has and/or had no control.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims as alleged and purported causes of action are barred and/or are limited by their own assumption of risk, and/or the assumption of risk by and of third-parties over whom FedEx has and/or had no control.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' damages, if any, were caused and/or were contributed to by the acts, negligence, or omissions by and of entities and persons other than

FXSCS, for and over whom FXSCS has and/or had no control, and for and over whom FXSCS has and/or had no responsibility.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims as alleged and purported causes of action are preempted by federal law, including *inter alia*, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 13506(a)(8)(B).

### EIGHTH AFFIRMATIVE DEFENSE

FXSCS reserves herein unto itself, the right to assert, and option of asserting, additional Affirmative Defenses as necessitated by any additional facts and/or information adduced and/or provided hereafter in this action.

Wherefore, having fully answered the claims against it in this matter, FXSCS respectfully requests that it be dismissed from this matter with its reasonable costs.

### CROSS CLAIM

FXSCS, for cross claim against co-defendant Swift Transportation Co., Inc., ("Swift"), states as follows:

1.  On or about December 1, 1998, Swift entered into a Motor Carrier Agreement ("the Agreement") with Caliber Logistics, Inc. (Exhibit 1).

2.  Under the Agreement, Swift was to serve as an independent contractor providing services as a common carrier of goods to certain customers of Caliber Logistics, Inc., who were intended third party beneficiaries of the Agreement.

3.  Pursuant to the Agreement, Swift agreed to indemnify Caliber Logistics, Inc., for certain losses and to pay replacement value to the third party beneficiaries of the contract for the loss or damage to goods shipped under the Agreement.

4.  On or about August 30, 1999, Caliber Logistics, Inc., formally changed its name to FDX Supply Chain Services, Inc.

5.  On or about January 31, 2000, FDX Supply Chain Services, Inc., changed its name of FedEx Supply Chain Services, Inc.

6.  Despite these name changes, FXSCS is an identical legal entity to Caliber Logistics, Inc.

7.  At no time has either Swift or FXSCS ever terminated the Agreement.

8.  At all times since the effective date of the Agreement, until February 13, 2008, the parties acted in accordance with the terms and conditions of the Agreement as evidenced by, *inter alia*, annually negotiating various addenda to the Agreement, and Swift's providing FXSCS with certificates of insurance on an annual basis.

9.  The Agreement was valid and binding on Swift and FXSCS at the time of the loss alleged in plaintiffs' complaint and continues to be valid and binding on Swift and FXSCS as of the date of this filing.

10. The shipment at issue in Plaintiff's complaint (the"Shipment") was brokered by FXCSC under the Agreement. Pursuant to the Agreement, Swift

invoiced FXSCS for the freight charges and fuel surcharges totaling $4,453.54 for the Shipment. FXSCS advanced those charges on January 7, 2008.

11. On or about May 16, 2008, FXSCS reimbursed GSK in the amount of $4,639.51 for shipping charges for the shipment giving rise to the plaintiffs' Complaint.

## COUNT I – MONEY DAMAGES

12. In the event that Swift is adjudged liable for the loss of the Shipment, FedEx will also be entitled to compensation from Swift in the amount of $4,453.54, for FedEx's loss in reimbursing GSK freight fees and fuel surcharges for the Shipment.

## COUNT II – INDEMNITY AND CONTRIBUTION

13. While FXSCS has denied any liability to plaintiffs whatsoever arising from the loss which is the subject of their complaint, in the event that FXSCS is adjudged liable for any sums awarded to plaintiffs, FXSCS is entitled to judgment against Swift for indemnity and/or contribution for all sums adjudged due inclusive of its reasonable attorney fees and costs and disbursements.

WHEREFORE, FedEx Supply Chain Services, Inc., demands judgment against plaintiffs dismissing its complaint with prejudice and awarding this defendant its costs and disbursements. In the event that plaintiffs should recover any judgment against FXSCS, that FXSCS is entitled to judgment for indemnity or

contribution, including all sums awarded inclusive of attorney fees, costs and disbursements, and such other additional relief as the court deems just and equitable.

DATED:   New York, New York
         July 9, 2008

                              Respectfully submitted,

                              NEWMAN FITCH ALTHEIM MYERS, P.C.
                              Attorneys for Defendant
                              FEDEX SUPPLY CHAIN SERVICES, INC.

By: _____
      Olivia M. Gross [OMG 6008]
      14 Wall Street – 22nd Floor
      New York, New York 10005-2101
      Telephone: (212) 619-4350

Of Counsel:
R. Jeffery Kelsey, Esquire
Michael W. Higginbotham, Esquire
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone: (901) 434-8570

TO:
David L. Mazaroli, Esquire
11 Park Place – Suite 1214
New York, New York 10007

Wendy J. Lindtrom, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639