Gregory S. Katz (GK 6584)
Wendy J. Lindstrom (WL 2940)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
*Attorneys for Defendant, Swift Transportation Co. Inc.*
150 East 42nd Street
New York, New York 10017
(212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
INDEMNITY INSURANCE CO. OF NORTH　　　　　　　08 CV 5049 (LTS)
AMERICA; SMITHKLINE BEECHAM CORP.
d/b/a GLAXOSMITHKLINE,

　　　　　　　　　　　　　Plaintiffs,　　　　　　**DEFENDANT SWIFT**
　　　　　　　　　　　　　　　　　　　　　　　　**TRANSPORTATION**
　　-against-　　　　　　　　　　　　　　　　　　**INC.'S ANSWER TO**
　　　　　　　　　　　　　　　　　　　　　　　　**FEDEX SUPPLY CHAIN**
FEDEX SUPPLY CHAIN SERVICES, INC.;　　　　　　**SERVICES, INC.'S**
SWIFT TRANSPORTATION CO. INC.,　　　　　　　　**CROSS-CLAIM**

　　　　　　　　　　　　　Defendants.
-----------------------------------------------------------------x

　　　Defendant, Swift Transportation Co. Inc., (hereinafter "Swift"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, as and for its Answer to Co-Defendant FedEx Supply Chain Services, Inc.'s (hereinafter referred to as "FedEx") Cross-Claim states the following upon information and belief.

　　　1.　　Admits that on or about December 1, 1998, Swift entered into a Motor Carrier Agreement ("the Agreement") with Caliber Logistics, Inc.

　　　2.　　Denies each and every allegation contained in paragraph "2" of Co-Defendant FedEx's Cross-Claim except admits that paragraph "20" of the Agreement states: "20. Third Party Beneficiaries. All Customers will be and hereby are deemed to be third party beneficiaries of this Agreement between Carrier and Caliber…".

3293710.1

3. Denies each and every allegation against Swift contained in paragraph "3" of Co-Defendant FedEx's Cross-Claim, except admits that paragraph "13" of the Agreement states: "<u>13. Losses, Claims.</u> (a) For loss of or damage to goods shipped under this Agreement, Carrier will be liable for the replacement value of such cargo, but such damages shall not include any special, indirect or consequential damages. …".

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Co-Defendant FedEx's Cross-Claim.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Co-Defendant FedEx's Cross-Claim.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Co-Defendant FedEx's Cross-Claim.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Co-Defendant FedEx's Cross-Claim.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Co-Defendant FedEx's Cross-Claim.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Co-Defendant FedEx's Cross-Claim.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Co-Defendant FedEx's Cross-Claim.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Co-Defendant FedEx's Cross-Claim.

3293710.1

- 3 -

## AS AND FOR DEFENDANT SWIFT'S ANSWER TO
## COUNT I OF FEDEX'S CROSS-CLAIM FOR MONEY DAMAGES

12. Denies each and every allegation against Swift contained in paragraph "12" of Co-Defendant FedEx's Cross-Claim.

## AS AND FOR DEFENDANT SWIFT'S ANSWER TO
## COUNT II OF FEDEX'S CROSS-CLAIM FOR INDEMNITY AND CONTRIBUTION

13. Denies each and every allegation against Swift contained in paragraph "13" of the Co-Defendant FedEx's Cross-Claim.

## AFFIRMATIVE DEFENSES

14. Swift hereby sets forth its separate and distinct defenses to Plaintiffs' Complaint and Co-Defendant FedEx's Cross-Claim. Swift sets forth the following matters to apprise the parties and the Court of certain potentially applicable defenses. By listing any matter as an affirmative defense, Defendant, Swift, does not assume the burden of proving any matter upon which the Plaintiffs or Cross-Claimant bears the burden of proof under applicable law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. That the said shipment as described in Plaintiffs' Complaint is subject to all the terms, conditions and exceptions contained in certain contracts of carriage and bills of lading, by which the shippers and consignees of said contracts and bills of lading and terms of service agree to be and are bound.

16. Any shortage, loss and/or damage to the shipment in suit, which Swift specifically denies, was due to causes for which Swift is not liable or responsible by virtue of the provisions of the Carmack Amendment to the Interstate Commerce Act and/or applicable common law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Swift's bill of lading and tariffs have the force of a federal statute and they cannot be varied under any pretext, nor can the carrier lawfully depart from them.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. If any loss or damage did occur to said cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of Swift but from a cause or causes from which it is expressly exempted from the responsibility by the terms and conditions of the bills of lading and /or contracts covering the carriage. Swift claims the benefit of each and every provision contained in said contracts, bills of lading and applicable tariffs, including the jurisdiction and limitation of liability provisions, and begs leave to amend this Answer to Co-Defendant FedEx's Cross-Claim and to offer proof thereof when more fully advised of the details concerning said loss or damage.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Upon information of belief, that the venue of this matter is improperly placed in this District pursuant to the forum selection clauses in the applicable contracts of carriage.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. Swift's liability, if any, is limited pursuant to the terms of the contract.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. If the cargo was damaged, which is denied, it was not damaged while in the care, custody or control of Swift and/or its agents, employees or representatives.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. Any recovery to which Plaintiffs or Co-Defendant FedEx may be deemed entitled to is limited pursuant to 49 U.S.C. § 14706.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

23. In the event that liability is established, the measure of damages to which Plaintiffs or Co-Defendant FedEx are entitled to recover is strictly limited pursuant to the terms and conditions set forth in the contracts between the parties, the contract of carriage and Swift's tariff provisions in effect at the time of the subject transport, pursuant to 49 U.S.C. § 14706 of the Interstate Commerce Act.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

24. Punitive or exemplary damages are not recoverable against Swift in this cause under the Carmack Amendment to the Interstate Commerce Act or any other law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

25. Swift is not liable for any pre-existing damage to any of said goods or damage resulting from the inherent vice of the cargo.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

26. To the extent that Plaintiffs and Co-Defendant FedEx seek recovery for special damages, answering Defendant, Swift is not responsible.

3293710.1

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

27. This suit should be dismissed, or in the alternative, transferred on the basis of *forum non conveniens* and improper venue.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

28. Plaintiffs and Co-Defendant FedEx are not entitled to the relief sought herein.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

29. The Plaintiffs' Complaint and the Co-Defendant FedEx's Cross Claim fail to state a cause of action upon which relief should be granted.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

30. To the extent that Plaintiffs failed to meet the minimum filing requirement of filing a proper written claim within the time prescribed, this lawsuit is time barred.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

31. Swift did not itself at any time enter into any contract or other agreement with Plaintiffs herein and is, therefore, not in any respect obligated to the Plaintiffs.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

32. Defendant, Swift, asserts the defenses of laches and waiver.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

33. Swift, at all relevant times herein acted as agent for disclosed principals known to the Plaintiffs and, therefore, are not directly obligated in any respect to the Plaintiffs herein.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

34. If Plaintiffs' cargo was damaged in any respect, such damage was caused, in whole or in part, by the inadequate packing, packaging and stuffing of containers by Plaintiffs or their agents.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

35. Any loss, shortage or damage to the aforementioned shipment, which is denied, was caused by the act or omission of the shipper of the goods or its agents or representatives and accordingly Swift is not liable therefore.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

36. The Plaintiffs' claim and Co-Defendant FedEx's Cross-Claim are barred because Plaintiffs and Co-Defendant FedEx misdescribed the cargo and intentionally failed to disclose the alleged high value of the cargo.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

37. The Plaintiffs have failed to name necessary parties.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

38. The Plaintiffs have failed to properly and fully mitigate the damages alleged in their Complaint.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

39. Plaintiffs are not real parties in interest with regard to the shipment in suit.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

40. The Complaint and Cross Claim against Swift should be dismissed on the basis that Plaintiffs lack standing.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

41. Neither Plaintiffs nor Co-Defendant FedEx have suffered any loss or damage upon which they are entitled to recover.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42. If the cargo was damaged, which is denied, it was not damaged while in the care, custody or control of Swift and/or its agents, employees or representatives.

## AS AND FOR A TWENTY-EIGTH AFFIRMATIVE DEFENSE

43. Plaintiffs and Co-Defendant FedEx had an opportunity to avoid limitation by declaring a higher value for the cargo, but no such declaration was made. As a result, Swift's liability is limited.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

44. Swift is not liable for alleged loss or damage sustained while the cargo was in the care, custody and control of third parties.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

45. Despite security measures in force and the exercise of due diligence, the loss alleged resulted from an act or acts beyond Swift's control as contemplated by the aforesaid Terms and Conditions.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

46. Swift is not liable for alleged loss or damage to property that was neither tendered to it for transportation, nor was in Swift's care, custody or control.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

47. Paragraph 23 (d) of the Agreement between Swift and Caliber states: "This Agreement shall be governed by and construed according to the laws of the State of Ohio, without regard to its rules or conflicts of laws, and to the extent that they are not inconsistent with applicable federal laws."

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

48.   Swift reserves its right to add additional affirmative defenses that may arise during the discovery process.

**WHEREFORE,** Swift prays for the following relief: ordering that the Plaintiffs and Co-Defendant, FedEx, take nothing by way of the Complaint and Cross-Claim or any of the claims for relief alleged therein; dismissing with prejudice the Plaintiffs' Complaint and Co-Defendant FedEx's Cross-Claim; declaring that Swift has no obligation with respect to any claims or parties included in the subject matter of or arising out of the within litigation or any other claims; awarding Swift costs and attorneys' fees incurred in this action to the full extent allowed by law; and awarding Swift such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         July 25, 2008

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _Wendy J. Lindstrom_
Wendy J. Lindstrom (WL 2940)
Attorneys for Defendant
Swift Transportation Co., Inc.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

TO:   David L. Mazaroli, Esq.
      *Attorney for Plaintiffs*
      11 Park Place – Suite 1214
      New York, NY 10007
      Fax: 212-732-7352

      Olivia M. Gross, Esq.
      Newman Fitch Altheim Myers, P.C.
      *Attorneys for Defendant, FedEx Supply Chain Services, Inc.*
      14 Wall Street
      New York, NY 10005-2101
      Fax: 212-619-3622

3293710.1

- 10 -

Michael W. Higginbotham, Esq.
*Senior Counsel, Litigation FedEx Express*
3620 Hacks Cross Road
Building B - 3d Floor
Memphis, Tennessee 38125

3293710.1

## CERTIFICATE OF SERVICE

    I, Wendy J. Lindstrom, hereby certify that I electronically filed the ANSWER TO FEDEX SUPPLY CHAIN SERVICES, INC's CROSS-CLAIM on behalf of Defendant, Swift Transportation Co., Inc. with the Clerk of the Court by using the CM/ECF system which will send notification of such filing(s) electronically to the following:

David L. Mazaroli, Esq.
*Attorney for Plaintiffs*
11 Park Place – Suite 1214
New York, NY 10007
Fax: 212-732-7352

Olivia M. Gross, Esq.
Newman Fitch Altheim Myers, P.C.
*Attorneys for Defendant, FedEx Supply Chain Services, Inc.*
14 Wall Street
New York, NY 10005-2101
Fax: 212-619-3622

Michael W. Higginbotham, Esq.
*Senior Counsel, Litigation FedEx Express*
3620 Hacks Cross Road
Building B - 3d Floor
Memphis, Tennessee 38125

Dated: July 25, 2008

                                                          */s/ Wendy J. Lindstrom*
                                                          Wendy J. Lindstrom (2940)